Teschner agt. Deveron.

under the present statute, justice McADAM was authorized to try this or any other summary proceeding without the aid of a jury,·and that the distinction between the two cases was, therefore, marked and apparent. The conduct of the relator's counsel in signing a stipulation which they intended to be binding only in case the justice decided in favor of their client was condemned, as not only trifling with a confiding adversary but with the court itself.

## N. Y. MARINE COURT.

### SOLOMON TESCHNER agt. JOHN DEVERON.

*Replevin — Chattels — how reclaimed by defendant — Code of Civil Procedure, sections 1704–1706.*

Where a defendant desires to reclaim chattels replevied he must serve upon the sheriff written notice that he requires the return thereof; and he must file an affidavit that he is the owner of the property, or that he is lawfully entitled to the possession thereof.

These conditions are *mandatory,* and the failure of a defendant to comply with them renders his counter-bond nugatory.

*Special Term, September,* 1880.

McADAM, J. — A defendant who desires to reclaim chattels replevied must serve upon the sheriff written notice that he requires the return thereof, and must file an affidavit either that he is the owner of the property, or that he is lawfully entitled to the possession thereof, in the form prescribed by section 1704 of the Code of Civil Procedure. These conditions are mandatory, and the failure of the defendant to comply with them renders his counter-bond nugatory. The plaintiff is, therefore, entitled to possession of the chattel

*pendente lite* (*Section* 1706). The defendant, in consequence of the omission to give the requisite preliminary notice and affidavit, must await the trial of the action before his right to the return can be established.